BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-MC-00094-WBS-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $59,118.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On April 1, 2013, Butte County Sheriff's Office ("BCSO") executed a state search warrant at 4001 Hildale Avenue, Oroville, California and seized Approximately $59,118.00 in U.S. Currency (hereafter "defendant currency").  On April 17, 2013, the Drug Enforcement Administration (hereafter "DEA") adopted the defendant currency for federal forfeiture.

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about June 10, 2013, the DEA received a claim from Jennifer Cheatham asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on April 1, 2013, a state search warrant was executed at the residence of Jennifer Cheatham.  Officers with the BCSO found approximately $59,118.00 in cash, approximately 124 pounds of processed marijuana, a firearm,

marijuana packaging materials, equipment used to cultivate marijuana and several screens known to be used in the manufacture of hashish.

4. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

5. Without admitting the truth of the factual assertions contained in this stipulation, Jennifer Cheatham specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Jennifer Cheatham agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Jennifer Cheatham hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Jennifer Cheatham shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $35,471.00 of the Approximately $59,118.00 in U.S. Currency, together with any interest that may have accrued on the total amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $23,647.00 of the Approximately $59,118.00 in U.S. Currency shall be returned to potential claimant

Jennifer Cheatham through her attorney Colin L. Cooper.

12. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Jennifer Cheatham waives the provisions of California Civil Code § 1542.

13. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

14. All parties will bear their own costs and attorney's fees.

15. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  June 3, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE